

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,317-01

### EX PARTE HANI MOFIDINASAB, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 120-15-A IN THE 2ND 25TH DISTRICT COURT
### FROM GONZALES COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four counts of manufacture or delivery of a controlled substance and sentenced to ten years' imprisonment for each count. He did not appeal his convictions.

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because he allowed Applicant to plead to charges that violated double jeopardy.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these

circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's convictions for Counts I and II constituted multiple punishments for possession with intent to deliver the same substance. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient. Should the court determine that counsel's performance was deficient in not discovering a double jeopardy issue, it shall make further facts addressing whether Applicant would have insisted on a trial, but for counsel's error. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 26, 2017
Do not publish